# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50306 | **DATE** | March 21, 2011 |
| **CASE TITLE** | Willie M. Randle vs. Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's case is dismissed without prejudice. The Clerk is instructed to close this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Willie M. Randle has filed a complaint pursuant to 42 U.S.C. § 1983 raising a number of federal constitutional claims and supplemental state law claims. He has paid the $350 filing fee. Pending before the Court is his complaint for an initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff has three related cases presently pending in this Court: *Randle v. Rock Falls Police Dep't, et al.*, No. 10 C 50123 (N.D. Ill.) (Kapala, J.), *Randle v. Chandler*, No. 10 C 50161 (N.D. Ill.) (Kapala, J.), and the instant case. Upon reviewing the record in all three cases, the Court arrives at the following factual background.

On March 31, 2005, in the Circuit Court of Whiteside County, Illinois, plaintiff pled guilty to one count of unlawful delivery of a controlled substance in violation of 720 ILCS 570/401(a)(2)(A), and was sentenced to six years of imprisonment followed by three years of mandatory supervised release (MSR). No. 10 C 50161, Dkt. No. 1 at 10. By May 2009, plaintiff was apparently on MSR. He was arrested by the Rock Falls, Illinois police department. No. 10 C 50123, Dkt. No. 1 at 5. Plaintiff believes this was a false arrest based on inaccurate information. (*Id*.). The alleged false arrest led to an alleged improper search of his MSR host site, (*id*. at 6), and the revocation of his MSR and his return to prison. No. 10 C 50306, Dkt. No. 6 at 4.

The No. 10 C 50161 case, which plaintiff captioned as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleges that plaintiff was imprisoned beyond the expiration of his sentence for the 2005 Whiteside County drug conviction. Through the application of sentencing credits, plaintiff arrives at three different dates in 2006, 2007 and 2008 that he believes were the completion dates for his sentence depending on different scenarios. On October 21, 2010, the respondent warden filed a motion to dismiss the habeas petition for failure to exhaust available state court remedies. No. 10 C 50161, Dkt. No. 14. That motion is presently pending before Judge Kapala.

The No. 10 C 50123 case, also pending before Judge Kapala, is a civil rights lawsuit regarding the alleged false arrest in 2009. Judge Kapala appointed counsel and the case is in the preliminary stages with

| STATEMENT |
|---|

appointed counsel presently evaluating whether to file an amended complaint in that case.

This case challenges the same alleged improper imprisonment arising out of the 2005 conviction as challenged in No. 10 C 50161. However, plaintiff seeks monetary relief from Nedra Chandler, the Warden of the Dixon Correctional Center, Jorges Montes, the Chairman of the Illinois Prisoner Review Board and Judge Vickie Wright, the Whiteside County Judge who sentenced him. Plaintiff also seeks an injunctive ordering a change to his sentencing mittimus to reflect what he believes is the proper sentencing length.

His claim for injunctive relief to alter the sentencing mittimus is relief that must be obtained in a habeas corpus proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). His habeas proceeding regarding his sentence is pending before Judge Kapala in No. 10 C 50161. Thus, his claim for injunctive relief is dismissed in deference to the present habeas corpus proceeding before Judge Kapala.

His claim against Judge Wright is a non starter because judges have absolute immunity for claims arising out of the performance of their judicial duties. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (citations omitted). Equally, Chairman Montes is also entitled to absolute immunity because any decision to revoke plaintiff's MSR status is considered akin to a judicial function that is equally entitled to absolute immunity. *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005).

Finally, plaintiff's claims for monetary relief are presently barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because he is arguing that the state court erred in imposing his sentence and thus he was held for too long of a period. He is challenging this in his habeas proceeding in the No. 10 C 50161 case and so must first be successful in his habeas case before litigating the issue in a civil rights action.